Irwin Nat **PINCUS** and Marjorie Pincus

v.

The **INDEMNITY MARINE ASSURANCE COMPANY, Ltd., et al.**

**Civ. A. No. 71–180.**

United States District Court,
E. D. Pennsylvania.

April 21, 1972.

H. Robert Fiebach, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiffs.

Benjamin A. Katz, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This is a Motion for Partial Summary Judgment by the plaintiffs Irwin Nat Pincus and Marjorie Pincus against all the defendants. It is clear, however, that any right plaintiffs have to summary judgment against any of the defendants is contingent initially on their

right to summary judgment against the Indemnity Marine Assurance Company, Ltd. Therefore, we must address ourselves to this question first, and need not consider the claims against the other defendants in the event that no partial summary judgment may be had against Indemnity Marine.

■ The relevant facts are as follows: The Plaintiffs had an insurance contract with Indemnity Marine Company covering certain property. The plaintiffs allege that the property was stolen and that it was worth $17,357.50, for which Indemnity Marine is liable to plaintiffs. Indemnity Marine admits liability for the value of stolen articles covered by plaintiffs' policy, but denies that the property was stolen, and further denies that if it was stolen, it is worth $17,357.50. An investigator who investigates claims for Indemnity Marine, but whom Indemnity Marine alleges is an independent contractor, investigated plaintiffs' claim and concluded that a burglary occurred. Plaintiffs claim that Indemnity Marine is bound by this opinion. Whether or not the investigator actually worked for Indemnity Marine or was an independent contractor is disputed, as is his power to bind the company by his conclusions within the scope of his relationship to Indemnity Marine, whether this be called an employee relationship or not. The facts which would dictate a legal conclusion that the company was so bound have been fully and properly put in dispute and therefore summary judgment cannot be granted on this ground.

The plaintiffs further argue that summary judgment should be granted under the terms of Federal Rules of Civil Procedure 56(e) which reads:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but this response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In support of this, plaintiffs cite the following passage from Moore:

"The last two sentences are added to overcome a line of cases, chiefly in the Third Circuit, which has impaired the utility of the summary judgment device. A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. In this situation Third Circuit cases have taken the view that summary judgment must be denied, at least if the averments are 'well-pleaded,' and not suppositious, conclusory, or ultimate. [Citations omitted.]

"The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule." 6 Moore's Federal Practice, at pp. 2021–22 (1971).

■ We accept Moore's reading of the rule in most circumstances, but we are dealing with a special case. Indemnity Marine admits liability if there was a theft, but refuses to pay without a legal determination that the theft occurred. If it did not occur, Indemnity Marine is not liable. Only the plaintiffs and the burglar (if any) can be pre-

sumed to have the kind of knowledge which would support an affidavit. To require Indemnity Marine to provide proof of the negative proposition that no theft occurred in this kind of case would nearly always lead to partial summary judgment. When the facts establishing liability are this much in the peculiar knowledge of one party the other side must be allowed to rest on a general denial and put that party to its proof by the fact-determining process of a trial. To grant partial summary judgment in this case would therefore not be "appropriate", in the terms of Rule 56(e).